UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| MAQUENSIE KOBLE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-CV-0391-CVE-PJC |
| | ) | |
| UNITED HEALTH CARE, INC., | ) | |
| METROPOLITAN LIFE INSURANCE | ) | |
| COMPANY, previously named as | ) | |
| Metlife Group, Inc., and UNITED | ) | |
| HEALTHCARE SPECIALTY BENEFITS, | ) | |
| LLC, previously named as United | ) | |
| Health Care Specialty Benefits, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is the Motion to Dismiss of United Health Care, Inc., and United Health Care Specialty Benefits, LLC, and Memorandum of Law in Support (Dkt. # 26). Defendants United Health Care, Inc. and United Health Care Specialty Benefits, LLC (the United Defendants) argue that plaintiff's state law claims of breach of contract and bad faith are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101 et seq. ("ERISA"), and the United Defendants ask the Court to dismiss plaintiff's state law claims. Dkt. # 26. Plaintiff responds that it is apparent that ERISA applies to this case, but she argues that she was not required to cite ERISA in her complaint or specify that she is seeking relief under ERISA instead of state law. Dkt. # 30, at 3.

**I.**

Theress[1] Allen was employed by Belmont Management Company (Belmont) and she participated in an employee benefits plan offered by Belmont. Plaintiff alleges that Allen paid $54.26 biweekly for "insurance to supplement her employee insurance coverage." Dkt. # 21, at 2. Plaintiff alleges that this amount was to pay for $20,000 of term life coverage from the United Defendants and $50,000 of term life coverage from Metropolitan Life Insurance Company (Metlife). Id. Allen died on July 6, 2013, and plaintiff filed claims for life insurance benefits with the United Defendants and Metlife. Id. The United Defendants paid Allen's health insurance claims but it denied plaintiff's claim for life insurance benefits, and Metlife also denied plaintiff's claim for life insurance benefits. Id. Plaintiff alleges that the life insurance claims were denied on the ground that Allen did not work at least forty hours per week and that Allen was not considered a full time employee. Id. Plaintiff states that she appealed the United Defendants' decision to deny her claim for life insurance benefits, and the United Defendants then denied "all" of plaintiff's claims. Id.

On June 6, 2014, plaintiff filed this case alleging state law claims of breach of contract and bad faith against the United Defendants and Metlife, and she seeks payment of the life insurance benefits, compensatory damages, and punitive damages. Dkt. # 2, at 10. The case was originally filed in Washington County District Court, Oklahoma, but defendants removed the case on the basis

---

[1] The amended complaint identifies the insured as "Theress Allen," but the United Defendants refer to the insured as "Theresa Allen." In this Opinion and Order, the Court will rely on the amended complaint for the spelling of the insured's name but plaintiff should correct the spelling in the amended complaint if this was an error.

of federal question jurisdiction.[2] After the case was removed, plaintiff filed an amended complaint (Dkt. # 21) acknowledging that "the deceased, Theress Allen, was issued insurance coverage by the Defendants . . . under an employee welfare benefit plan as defined in [ERISA]." Id. at 1. However, she still asserts in her amended complaint claims for relief under state law, and she has also demanded a jury trial.

## II.

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy

---

[2] Defendants argue that plaintiff's state law claims are completely preempted by ERISA and that complete preemption gives rise to federal question jurisdiction. Dkt. # 2, at 2. As will be explained, at least one of plaintiff's claims is completely preempted by ERISA and the Court has federal question jurisdiction over this case. See infra.

3

Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

## III.

Defendants argue that plaintiff's claims concern the denial of life insurance benefits under an ERISA plan, and ERISA completely preempts her state law claims. Defendants ask the Court to dismiss plaintiff's state law claims of breach of contract and bad faith. Plaintiff responds that defendants' motion to dismiss should be denied, because it is obvious that her claims relate to an ERISA plan and the defendants are aware that plaintiff is seeking equitable relief under ERISA. Dkt. # 30, at 3. She argues that she merely used "commonly understood remedies" provided by state law, even though she acknowledges that the "terms of ERISA apply to the remedies available" to her. Id.

ERISA provides a civil claim for enforcement of a beneficiary's rights under an employee benefits plan governed by ERISA. 29 U.S.C. § 1132(a). ERISA preempts all state laws "insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title." 29 U.S.C. § 1144. The Supreme Court has noted that ERISA's preemption provision is "conspicuous for its breadth" and has interpreted the term "relate to" broadly:

> "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Under this "broad common-sense meaning," a state law may "relate to" a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect. Pre-emption is also not precluded simply because a state law is consistent with ERISA's substantive scheme.

4

Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990). The Supreme Court has clearly held that ERISA preempts common law claims, as well as claims arising under state statutory schemes governing employee benefit plans. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987). Even if ERISA provides fewer remedies than state law, this has no bearing on the preemption analysis because § 1144 "evidences Congress's policy choices and intent to provide only the remedies it specified." David P. Coldesina, D.D.S. v. Estate of Simper, 407 F.3d 1126, 1139 (10th Cir. 2005). However, these principles relate to conflict preemption under ERISA, and § 1144 does not automatically convert every state law claim preempted by ERISA into a federal claim. Felix v. Lucent Technologies, Inc., 387 F.3d 1146, 1156 (10th Cir. 2004).

The scope of ERISA preemption is sufficiently broad that it completely preempts any state law claims falling within its civil enforcement provision. Metropolitan Life Ins. v. Taylor, 481 U.S. 58 (1987). Complete preemption is an exception to the well-pleaded complaint rule that permits removal of a complaint alleging state law claims if "federal preemption makes the state law claim 'necessarily federal in character . . . .'" Turgeau v. Administrative Review Bd., 446 F.3d 1052, 1061 (10th Cir. 2006). Thus, even if a complaint alleges state law claims, a state law claim may be converted into an ERISA claim for purposes of federal question jurisdiction and the well-pleaded complaint rule if the claim is completely preempted by ERISA. Felix, 387 F.3d at 1156. The Supreme Court has stated:

> [I]f an individual brings suit complaining of a denial of coverage . . . , where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA § 502(a)(1)(B). In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely preempted by ERISA § 502(a)(1)(B).

Davila, 542 U.S. at 210.

5

Plaintiff does not dispute that her claims are preempted by ERISA, but she argues that she has alleged an ERISA claim using "commonly understood remedies" provided under state law. Dkt. # 30, at 3. Tenth Circuit precedent is clearly established that a state law breach of contract claim is completely preempted by ERISA. See Salzer v. SSM Health Care of Oklahoma, Inc., ___ F.3d ___, 2014 WL 3844011 (10th Cir. Aug. 6, 2014) (contract or tort based claims are completely preempted if the claim "depends entirely on the existence of a benefit contained in an ERISA plan"); Settles v. Golden Rule Ins. Co., 927 F.2d 505, 509 (10th Cir. 1991) ("The Tenth Circuit has given a similarly broad reading to the phrase 'relate to' and has found that common law tort and breach of contract claims are preempted by ERISA if the factual basis of the cause of action involves an employee benefit plan."). Plaintiff's breach of contract claim depends entirely on the existence of an ERISA plan and the denial of her claim for life insurance benefits, and the breach of contract claim is completely preempted by ERISA.[3] The Tenth Circuit has also recognized that ERISA does not provide a separate claim for breach of contract, and any claim to recover benefits from an ERISA plan is an ERISA claim. Chastain v. AT & T, 558 F.3d 1177, 1180 n.3 (10th Cir. 2009). As to plaintiff's bad faith claim, the Tenth Circuit has found that a claim for bad faith denial of an insurance claim arising under Oklahoma law conflicts with ERISA's remedial scheme, and plaintiff's bad faith claim is preempted under § 1144. Allison v. Unum Life Ins. Co. of America, 381 F.3d 1015, 1025 (10th Cir. 2004). Plaintiff cites ERISA in her complaint but she plainly alleges

---

3   Conflict preemption is ordinarily a defense to a claim that does not by itself give rise to federal question jurisdiction. Felix, 387 F.3d at 1156. However, when a state law claim is completely preempted under 29 U.S.C. § 1132(a), this constitutes complete preemption of a state law claim and a claim that is completely preempted by ERISA can be removed to federal court based on federal question jurisdiction. Id. Plaintiff's breach of contract claim is completely preempted by ERISA, and the case was properly removed based on the existence of federal question jurisdiction.

state law claims for relief. For example, ERISA permits a plaintiff to recover equitable relief, but it does not authorize the award of compensatory or punitive damages. Kidneigh v. UNUM Life Ins. Co. of America, 345 F.3d 1182, 1185 (10th Cir. 2003). Plaintiff argues that she seeks equitable relief from defendants, even though stated in terms of state law, and she should not be required to "recite the specific chapter and verse of ERISA" showing that she is entitled to certain relief. Dkt. # 30, at 3. However, plaintiff demands only money damages that are not available under ERISA, and this does not support her argument that she has alleged an ERISA claim. Plaintiff also clearly labels her claims as claims for breach of contract and bad faith, and she alleges the elements of those state law claims. Dkt. # 21. Considering the amended complaint as a whole, it is clear that plaintiff intended to allege state law claims against defendants.

Plaintiff has also demanded a jury trial in her amended complaint and this also supports the Court's finding that plaintiff is not attempting to allege an ERISA claim using state law terminology. Although ERISA does not specifically state whether a jury should be utilized to decide claims for relief, see Zimmerman v. Sloss Equip., Inc., 72 F.3d 822, 829 (10th Cir. 1995), it is well-settled in the Tenth Circuit that ERISA provides equitable relief only, and therefore plaintiff does not have the right to a jury trial on her ERISA claim. Graham v. Hartford Life & Acc. Ins. Co., 589 F.3d 1345, 1356-57 (10th Cir. 2009); Adams v. Cyprus Amax Minerals Co., 149 F.3d 1156, 1158-59 (10th Cir. 1998) (holding that the relief granted by ERISA is equitable in nature and that plaintiffs are not entitled to a jury trial on ERISA claims); see also Thomas v. Oregon Fruit Products Co., 228 F.3d 991, 996-97 (9th Cir. 2000) (collecting citations discussing equitable nature of relief in ERISA cases). Other circuit courts that have considered the issue have also found that ERISA does not provide a plaintiff the right to a jury trial. Sullivan v. LTV Aerospace & Defense Co., 82 F.3d 1251,

7

1257-59 (2d Cir. 1996); Cox v. Keystone Carbon Co., 861 F.2d 390, 394 (3d Cir. 1988); Berry v. Ciba-Geigy Corp., 761 F.2d 1003, 1007 (4th Cir. 1985); In re Vorpahl, 695 F.2d 318, 320-21 (6th Cir. 1982); Calamia v. Spivey, 632 F.2d 1235, 1237 (5th Cir. 1980); Wardle v. Central States, Southeast and Southwest Areas Pension, 627 F.2d 820, 829 (7th Cir. 1980). Plaintiff's demand for a jury trial tends to show that she purposefully alleged state law claims against defendants.

The Court finds that plaintiff's state law claims of breach of contract and bad faith claims are preempted by ERISA. The Court could simply find that plaintiff's claims are preempted and treat plaintiff's allegations as asserting an ERISA claim. However, she seems to be arguing that she can seek equitable relief that is in the nature of remedies available under state law, and it is not clear from reviewing the amended complaint what that equitable relief might be. The Court finds that the amended complaint should be dismissed, and the Court will allow plaintiff to file a second amended complaint to allege a claim under ERISA and clarify the nature of the equitable relief she seeks in this case.[4]

**IT IS THEREFORE ORDERED** that is the Motion to Dismiss of United Health Care, Inc., and United Health Care Specialty Benefits, LLC, and Memorandum of Law in Support (Dkt. # 26) is **granted**, and plaintiff's state law claims of breach of contract and bad faith are **dismissed**.

---

[4] Plaintiff appears to argue that defendants accepted premiums for life insurance, even though they now claim that plaintiff was not eligible for coverage. Dkt. # 21, at 3. This could give rise to a claim for refund of premiums and this could be a type of equitable relief available to plaintiff.

**IT IS FURTHER ORDERED** that, no later than **September 30, 2014**, plaintiff may file a second amended complaint asserting an ERISA claim.[5]

**IT IS FURTHER ORDERED** that the deadline for the parties to file their joint status report is extended to **October 3, 2014.**

**DATED** this 23rd day of September, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[5] The United Defendants also state in a footnote that they did not provide the life insurance policy at issue in this case, and they stated that the proper defendant is United Healthcare Insurance Company. Plaintiff should confer with defendants before filing her amended complaint to ensure that she has named the correct party.